Cary D. Boucher, Robin L. Boucher
7 Fairbanks Lane
North Reading, Massachusetts 01864
(978) 404-1479
rlboucher1966@gmail.com
Cary D. Boucher, Robin L. Boucher  pro se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARY D. BOUCHER, and | ) | |
| ROBIN L. BOURCHER | ) | |
|     Plaintiffs, | ) | |
|     v. | ) | Civil Action: 1:25-CV-01221 |
| | ) | ( formerly 2581CV01818) |
| MERSCORP HOLDINGS, Inc "MERS" & | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE FOR THE RMAC TRUST, | ) | |
| SERIES 2017-B, | ) | |
|     Defendants.  / | ) | |

**PLAINTIFFS OPPOSITION AND REPLY TO MERSCORP HOLDINGS, INC. AND U.S.
BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES
2017-B MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(5)  AND Fed.R.Civ.P.
12(b)(6)**

**Fed.R.Civ.P. 12(b)(6):**

    Plaintiffs file this Opposition and Reply to the Motion to Dismiss Pursuant to Fed.R.Civ.P.
12(b)(6) filed by Defendants on September 5, 2025.

    1.  Defendant has appeared in this action as counsel for U.S. Bank National Association, as
**Trustee** for The RMAC Trust, Series 2017-B.

    2.  Defendants have failed to accept the allegations of the Complaint as true and argued
matters outside of the four corners of the Complaint, which is grounds to deny the Motion to
Dismiss. All of the Defendants arguments  refer to claims in Case # 1:25-cv-10565 that was
closed and that particular Defendant is a nonparty to this case.

    3.  Defendants are arguing the Temporary Restraining Order ("TRO") and are not addressing
the Complaint.  The foreclosing party for the TRO is DST RMAC Series 2016-CTT, who is not
the Defendant in this case.

    4.  Documents included by Defendants are only for the nonparties in this case, not even for
this Defendant, as the parties in the foreclosure are not the Defendants in this complaint.

    5.  The email between the Court and Brock & Scott references a completely different
"lender," a nonparty to this case, who sent foreclosure notices as a Delaware Statutory Trust
Series 2016-CTT, a foreign entity from the Cayman Islands that is not a party to this lawsuit and
its foreclosure has no bearing on the requests in this case. Series 2016-CTT is not the Defendant
Series 2017-B Trust.

    6.  Defendant's argument that they believe MERSCorp Holdings, Inc ("MERSCorp") is the
"wrong" Defendant, and another party should be responsible to Plaintiffs, does not address any
insufficiency of the Complaint regarding Plaintiffs' cause of action pertaining to MERSCorp,
which. needs to allege more.

    7.  The Motion to Dismiss based on documentation and rulings for nonparties is therefore
insufficient to prove there is a failure to state a claim for which relief can be granted by the actual
Defendants in this case.

    8.  As all Counts are well pleaded against Defendants in this case, and does not include
causes of action for the nonparties to this case. Defendants DST Trust Series 2017-B and

**PLAINTIFFS CARY D. BOUCHER AND ROBIN L. BOUCHER MEMORANDUM OR LAW IN SUPPORT OF THEIR OPPOSITION TO <u>MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(6)</u>**

Defendant U.S. Bank National Association, **as Trustee** for The RMAC Trust,
Series 2017-B has misled the Court into believing that U.S. Bank National Association is still a Trustee and has standing to defendant this action. Their appointment as Trustee has not been true for years.

Throughout this motion to dismiss, Defendants have not alleged any defects of the Complaint.

The Temporary Restraining Order ("TRO") is not present in this Complaint. At the time of the complaint the request for a cease and desist from nonparty DST RMAC 2016-CTT foreclosure was to protect the Plaintiffs' interest in the property. The Complaint is asking for a cease and desist against defendants U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES 2017-B and MERSCORP HOLDINGS, INC, whose actions were not applicable to the TRO. Plaintiffs were not obligated to make payments to DST RMAC Series 2016-CTT, who had admitted to Plaintiffs they sold their position a year ago. The Complaint does not include the party that admitted they were not foreclosing and there are no allegations that need to be dismissed for this nonparty. Dismissing the Complaint against the actual Defendants based on the solution for the cease and desist against RMAC Series 2016-CTT is *non sequitur*.

Defendants do not have any reason to discuss issues outside of the Complaint, especially with regard to parties and nonparties.

Robin Bouchers' default judgment was rendered without jurisdiction of the Land Court who could not revise a mortgage for DST RMAC 2016-CTT without explicit agreement from the original Lender, National Future Mortgage, Inc, or its employees, that an error had been made on the mortgage in 2008. Evidence was not presented, no arguments were heard, however, it is clear that Robin did not participate in allocation of funds at the closing. Therefore, even if designated as a "borrower" on a security instrument by Land Court, there is no obligation for Robin to pay this debt which is evidenced by the note to which Robin is NOT a borrower.

The claims of holding a note and mortgage by DST Series 2016-CTT, the nonjudicial attempts by DST Series 2016-CTT, have not been pled in this case, are not before the court and do not form any basis to attack the Complaint.

The inclusion of the email between the Court and Brock & Scott, which references a completely different "lender," a nonparty to this case, whose foreclosure notices and nonjudicial procedures, originating from a Delaware Statutory Trust Series 2016-CTT, a foreign entity from the Cayman Islands, as they are not a party to this lawsuit, both the email and that foreclosure have no bearing on the requests and pleadings in this case. Series 2016-CTT is not the Defendant Series 2017-B Trust.

Defendant's argument that they believe MERSCorp is the "wrong" Defendant, and another party should be responsible to Plaintiffs, does not address any insufficiency of the Complaint regarding Plaintiffs' cause of action pertaining to MERSCorp, which. needs to allege more.

The Motion to Dismiss based on documentation and rulings for nonparties is therefore insufficient to prove there is a failure to state a claim for which relief can be granted by the actual Defendants in this case.

As all Counts are well pleaded against Defendants in this case, and does not include causes of action for the nonparties to this case. Defendants DST Trust Series 2017-B and MERSCORP have presented no evidence to the contrary.

WHEREFORE Plaintiffs move this Honorable Court to Deny Defendants' Motion to Dismiss on the aforesaid grounds and reserve the right to file a supplemental Reply should this Honorable Court permit Defendants to argue their Motion to Dismiss.

Dated: September 15, 2025                    Respectfully submitted,

Cary D. Boucher, Pro se

Robin L.Boucher, Pro se
7 Fairbanks Lane
North Reading, MA    01864
(978) 404-1479
rlboucher1966@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that PLAINTIFFS CARY D. BOUCHER AND ROBIN L. BOUCHER MEMORANDUM OR LAW IN SUPPORT OF THEIR OPPOSITION TO MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(6) filed through the court system will be sent electronically to Casey A. Sieck of DAY PITNEY LLP at csieck@daypitney.com and paper copies will be sent to those indicated as non-registered participants on September 15, 2025.

Robin L. Boucher
7 Fairbanks Lane
North Reading, MA   01864
(978) 404-1479
rlboucher1966@gmail.com

5

---

Plaintiffs Opposition and Reply To MERSCORP Holdings, Inc. and U.S. Bank National Association, As Trustee For The RMAC Trust, Series 2017-B Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(B)(5)  and Fed.R.Civ.P. 12(B)(6)