UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12210-RGS

ROBIN L. BOUCHER and CARY D. BOUCHER

v.

MERSCORP Holdings Inc. and U.S. Bank National Association
as Trustee for the RMAC Trust, Series 2017-B

ORDER ON DEFENDANTS' MOTION TO DISMISS

September 22, 2025

STEARNS, D.J.

After reviewing the dispositive motion, Opposition, and Complaint, including all of the attached documents (Note, Mortgage, various assignments, emails, and case law), defendants' motion to dismiss will be ALLOWED.

BACKGROUND

Plaintiffs Robin Boucher and Cary Boucher filed a state court action (removed here) seeking to enjoin a foreclosure on their residence located at 7 Fairbanks Lane in North Reading, Massachusetts (Property). Defendant U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2017-B (U.S. Bank) learned of the Middlesex Superior Court case from its

foreclosure counsel. U.S. Bank scheduled a foreclosure on the Boucher's Property for July 28, 2025, asserting that the Bouchers had unpaid obligations under a promissory note and mortgage that is serviced by Mortgage Electronic Registration Systems, Inc. (MERS) (which is a distinct legal entity from parent defendant MERSCORP Holdings, Inc. (MERSCORP)).

In seeking injunctive relief and a declaratory judgment, the Bouchers assert that, while they are deed title holders to the Property, "a person using the name of Cary D. Boucher" signed the Note and Mortgage (Robin's name does not appear). While the Bouchers admit that they never made any payments on the Note, they argue that they are not in default because (1) "[a]s no payments were ever made by the Plaintiffs, the Note's repayment became uncollectible by June 28, 2013, and forever time-barred for collection of this debt in accordance with [Mass. Gen. Laws ch. 260 § 92]"; (2) that there is no endorsement on the Note transferring it to a new owner and the notice of sale is issued by an entity that no longer holds the debt; (3) that there is precedent in other cases holding that U.S. Bank "never had any standing to foreclose on any property in the United States." Compl. ¶¶ 7, 10, 11, 12, and 17.

Defendants move to dismiss the Complaint on the following grounds: On July 28, 2008, plaintiffs granted a mortgage to MERS, as nominee for National Future Mortgage, Inc., which was signed by both plaintiffs and then recorded with the Middlesex Registry of Deeds. *See* Dkt 7-1. On June 7, 2011, National Future Mortgage, Inc. assigned its interest in the Note and Mortgage to Nationstar Mortgage LLC (Book 56598 at Page 129 of the Middlesex (South District) Registry of Deeds). Nationstar in turn, on May 18, 2018, assigned its interest in the Note and Mortgage to defendant U.S. Bank (Book 71030 at Page 432 of the Middlesex (South District) Registry of Deeds). On September 23, 2020, the Massachusetts Land Court entered a default judgment against the Bouchers ordering that, to the extent that there was ever any viable dispute, that the Mortgage "is hereby reformed to include Robin L. Boucher as a borrower." Dkt #7-3 at 3. On July 25, 2025, the law firm handling the foreclosure proceeding contacted the Middlesex Superior Court to inform it that U.S. Bank had cancelled the foreclosure sale. These facts are supported by documents attached to the Bouchers' Complaint.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  At the motion to dismiss stage, the court may take into consideration "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," in addition to the complaint's allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000), quoting 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (1990).  The court "need not credit a complaint's 'bald assertions' or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996)).

    The Bouchers' Complaint is filled with specious assertions that have no basis in law.  First, contrary to the Bouchers argument, "the statute of limitations found at [Mass. Gen. Laws ch.] 106, § 3-118(a), does not apply to foreclosures." *Duplessis v. Wells Fargo Bank, N.A.*, 16-P-1040, 2017 WL 2332709, at *2 (Mass. App. Ct. May 30, 2017); *Junior v. Wells Fargo Bank, N.A.*, Civ. No. 17-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017 ("While the Statute of Limitations may bar the collection of a note more than six years overdue, it has no effect on the *in rem* rights in the title to the property. Thus, while the mortgagee may not be able to bring an action for a deficiency under the note, it may still foreclose the mortgage.").  Moreover,

4

on its face, the Note matures on August 1, 2038. *See* 1-3 (Note) at 1(3) Payments.

When a loan is sold, it automatically transfers the debt and the right to collect payments from the original lender to the purchaser. The core terms of the loan—the principal amount, interest rate, and repayment schedule remain the same. While the Bouchers argue that an email from Brock & Scott, U.S. Bank's counsel, lists another bank as the Note holder, thus rendering U.S. Bank without standing in this case, the letter actually states that, "This office has been retained by U.S. Bank National Association." Dkt #1-3 at 50. Moreover, borrowers have no right to challenge an assignment of a mortgage to which they are not a party. *See Sullivan v. Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 207 (2014).

Any argument that Robin Boucher's failure to sign the Note precludes foreclosure is risible. *See Junior*, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017). Under Massachusetts law, the mortgagee holds legal title to the mortgaged property until the promissory note that is secured by the mortgage is discharged. *See Galvin v. U.S. Bank, N.A.,* 852 F.3d 146, 155 (1st Cir. 2017); *McNamee v. Deutsche Bank and Trust Co.,* 619 F. Supp. 3d 242, 245-246 (D. Mass. 2022). Robin Boucher signed the mortgage and initialed every page. Moreover, in its Default Judgment, the Land Court declared that

the mortgage binds her to its terms. The Bouchers' assertion that U.S. Bank is precluded by case law from foreclosing on any property in the United States is a figment of imagination.

While the Bouchers admit that they have improperly named MERS rather than MERSCORP as a defendant, they nonetheless argue that U.S. Bank fails to "address any insufficiency of the Complaint regarding Plaintiffs' cause of action pertaining to MERSCorp." Opp'n (Dkt # 12) at 2. U.S. Bank has no obligation to respond to allegations against another party – neither does MERS as a separate legal entity. As MERS is improperly named, it is dismissed from this action.

## ORDER

For the foregoing reasons, defendants' Motion to Dismiss is <u>ALLOWED</u>. The Clerk will enter an ORDER of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE